In the Matter of Disciplinary Proceedings Against
Dianna L. Brooks, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Dianna L. Brooks, Respondent.

Supreme Court

*No. 02–0123–D. Decided April 10, 2002.*

2002 WI 32

(Also reported in 641 N.W.2d 690.)

¶ 1. PER CURIAM. We review the stipulation filed by Attorney Dianna L. Brooks and the Office of Lawyer

Regulation (OLR). On January 10, 2002, OLR filed a disciplinary complaint against Attorney Dianna L. Brooks asking this court to impose reciprocal discipline identical to that imposed on Attorney Brooks by the State of Michigan Attorney Discipline Board. That Board on March 30, 2000, ordered Attorney Brooks's license to practice law in the State of Michigan, be suspended for a period of 90 days to commence as of February 1, 2000; that effectively resulted in a 90–day suspension of her license to practice law in that state, 60 days of which had passed at the time order was entered and 30 days which were imposed prospectively. That order also required Attorney Brooks to make restitution. She has done so and her license to practice law in the State of Michigan has been reinstated.

¶ 2. At OLR's request, pursuant to SCR 22.22(2)(b),[1] Attorney Brooks was ordered to show cause in writing why this court should not suspend her license to practice in this state and impose discipline identical to that imposed in Michigan for her various acts of professional misconduct.

¶ 3. Subsequently Attorney Brooks filed a signed stipulation, joined by OLR, reciting the allegations of

---

[1] SCR 22.22(2)(b) provides:

(2) Upon the receipt of a certified copy of a judgment or order of another jurisdiction imposing discipline for misconduct or a license suspension for medical incapacity of an attorney admitted to the practice of law or engaged in the practice of law in this state, the director may file a complaint in the supreme court containing all of the following:

(b) A motion requesting an order directing the attorney to inform the supreme court in writing within 20 days of any claim of the attorney predicated on the grounds set forth in sub. (3) that the imposition of the identical discipline or license suspension by the supreme court would be unwarranted and the factual basis for the claim.

the OLR complaint and confirming that she does not claim defenses to the proposed imposition of reciprocal discipline. That stipulation requests the imposition of the identical 90–day suspension of Attorney Brooks's license to practice law in this state. We accept the parties' stipulation and suspend the license of Attorney Dianna L. Brooks to practice law in this state for a period of 90 days to commence on the date of this order.

¶ 4. Attorney Dianna L. Brooks was admitted to the practice of law in this state in May of 1991. She was subsequently licensed to practice law in the State of Michigan. She currently resides in Georgia. Attorney Brooks's license to practice law in this state has been continuously suspended since November 2, 1992, for her failure to pay dues to the Wisconsin State Bar in which she is currently registered as an inactive member. Her Wisconsin law license was also suspended on June 6, 1994, for non-compliance with the continuing legal education requirements.

¶ 5. Attorney Brooks filed a petition for reinstatement in this state in July of 2001. During the OLR staff investigation of that petition Attorney Brooks disclosed that professional discipline had been imposed against her in 1999 by the Michigan Attorney Discipline Board. Attorney Brooks also acknowledged that she had not notified OLR's predecessor agency, the Board of Attorneys Professional Responsibility (BAPR), of the imposition of that discipline against her in Michigan.

¶ 6. Attorney Brooks's misconduct as charged and found in the Michigan disciplinary action consisted of:

- In a divorce action, Brooks failed to file the divorce action on her client's behalf; and failed to return $160 of unearned fees.

- In another matter, Brooks was paid $450 to represent a client in a child support and visitation action

in Maryland. Brooks improperly held herself out to her client as being able to practice law in Maryland and contacted the opposing attorney seeking an adjournment of the trial date; Brooks failed to file a motion to be admitted pro hac vice for that action; failed to refer her client to Maryland counsel for the purpose of either representing her in Maryland or to contest jurisdiction of the Maryland court; failed to advise her client that she had not obtained an adjournment of the Maryland trial date (when neither Brooks nor her client appeared for the trial date, a default judgment was entered); commingled advanced fees by depositing them into her personal bank account; failed to maintain the fees in a trust account until she was admitted to the practice of law in the Maryland action pursuant to a later successful pro hac vice motion; made withdrawals from her personal account which resulted in a complete misappropriation of the funds; and failed to make restitution of the $450 to her client.

- In a third matter, Brooks was retained in January of 1997 to represent a client concerning post-judgment custody issues in a divorce action. Brooks failed to file a motion on her client's behalf until November 1997 and failed to refund any portion of the $1000 fee paid by the client.

- In a fourth matter, Brooks was retained on or about May 1996 to review various legal matters for a client's mother, including but not limited to reviewing possible litigation regarding a construction and personal injury matter. Brooks failed to file either action and failed to advise her client that she would not do so; failed to release the client's file upon request or refund any portion of the $1500 fee.

- Brooks also failed to maintain reasonable communications with her clients; failed to respond to numerous messages from her clients; failed to notify her clients of her changes of address; abandoned

621

the representation of two clients; and failed to file an answer to three requests for investigation from the grievance administrator.

¶ 7. Attorney Brooks subsequently pled no contest to these misconduct charges and entered into a stipulation for consensual discipline in Michigan. As noted, that discipline included a requirement that Attorney Brooks make restitution, which she has done. She has subsequently been reinstated to the practice of law in Michigan.

¶ 8. The OLR complaint against Attorney Brooks in this state asserts that by failing to notify BAPR of Michigan's imposition of public discipline against her law license within 20 days of the effective date of that jurisdiction's imposition of a license suspension for professional misconduct, Attorney Brooks violated former SCR 22.25(1).[2]

---

[2] Former SCR 22.25(1) in effect through September 30, 2000, provided:

> (1) An attorney admitted to practice law in this state, upon being subjected to public discipline or suspended for medical incapacity in another jurisdiction, shall promptly inform the administrator of the action. Failure to furnish the notice within 20 days of the effective date of the order or judgment constitutes misconduct.

The order imposing discipline against Attorney Brooks in Michigan was issued March 30, 2000, seven months before repeal of SCR 22.25(1). That rule has been recreated in substantially the same form in current SCR 22.22(1) (effective October 1, 2000). That current version of the rule provides:

> (1) An attorney on whom public discipline for misconduct or a license suspension for medical incapacity has been imposed by another jurisdiction shall promptly notify the director of the matter. Failure to furnish the notice within 20 days of the effective date of the order or judgment of the other jurisdiction constitutes misconduct.

¶ 9. An additional count in the OLR complaint filed against Attorney Brooks asserts that as determined in the Michigan disciplinary proceedings, Attorney Brooks had committed professional misconduct in violation of several provisions of the Michigan Code of Responsibility and the Michigan Rules of Professional Conduct. Accordingly, the OLR complaint asserts that Brooks is subject to reciprocal discipline in Wisconsin pursuant to SCR 22.22.

¶ 10. We agree with the parties that discipline identical to that imposed in Michigan is appropriate in this situation. Accordingly, we adopt the parties' joint request and order a 90–day suspension of Attorney Brooks's license to practice law in this state. The 90–day suspension shall be effective the date of this order.

¶ 11. IT IS ORDERED that the license of Dianna L. Brooks to practice law in Wisconsin is suspended for 90 days effective the date of this order.

¶ 12. IT IS FURTHER ORDERED that Dianna L. Brooks comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 13. IT IS FURTHER ORDERED that within 60 days of the date of this order, Dianna L. Brooks pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of her inability to pay the costs within that time, the license of Dianna L. Brooks to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 14. DIANE S. SYKES, J. (*dissenting*). I would reject the parties' stipulation asking this court to suspend Dianna Brooks's license to practice law in this state for 90 days as reciprocal discipline for her admit-

ted acts of misconduct in Michigan. That 90–day suspension is identical to the discipline imposed against her by the Michigan Attorney Discipline Board pursuant to her stipulation for consensual discipline in that state. Supreme Court Rule 22.22(3) directs this court in reciprocal disciplinary matters to impose the identical discipline or license suspension imposed by the other jurisdiction unless the misconduct justifies substantially different discipline in this state. *See* SCR 22.22(3)(c). I believe that had Dianna Brooks's admitted acts of misconduct been committed in this state, this court would have been justified in imposing a substantially different and significantly more severe discipline than a 90–day suspension of her license. Rather than automatically following Michigan's disciplinary disposition, I would, pursuant to SCR 22.12(3), reject the parties' stipulation and refer this matter to a referee for a hearing and report and recommendation on the appropriate discipline to be imposed in Wisconsin for Ms. Brooks's serious acts of misconduct. *See* SCR 22.22(5). Accordingly, I dissent.